UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODERICK EMIL WHITLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | No. 3:25-CV-3287-X-BT |
| | § | |
| DALLAS INDEPENDENT SCHOOL DISTRICT, et al., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 35). Plaintiff Roderick Emil Whitley filed an objection. (Doc. 37). Defendants Dallas Independent School District (Dallas ISD), Ramona Soto, and Beverly Mullins-Ford filed a response to Whitley's objection. (Doc. 42). The Court conducts a *de novo* review of the portions of the FCR to which an objection was made.[1] After conducting a *de novo* review of the objected to portions of the FCR, the Court **OVERRULES** each of Whitley's objections. The Court reviewed the remaining portions of the FCR for plain error and found none; it thus **ACCEPTS** and **ADOPTS** the FCR.

Whitley expressly conceded "the abandonment of the state-law claims, the absence of a written municipal policy, the absence of a custom or pattern extending beyond Plaintiff's own experience, and the failure of the [Family Medical Leave Act

[1] *See* 28 U.S.C. § 636(b)(1).

(FMLA)] interference claim on Plaintiff's own pleading."[2] Having conducted a plain error review of the un-objected to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** it. Since Whitley concedes to the dismissal of his Texas Whistleblower Act claim, Texas Civil Practice and Remedies Code § 12.002 claim, and FMLA interference claims,[3] the Court **DISMISSES WITH PREJUDICE** such claims.

Whitley makes nine objections to the Magistrate Judge's FCR. The Court, conducting a *de novo* review of the objected to portions of the FCR, addresses each in turn.

First, Whitley objects to the FCR's finding he failed to overcome Soto and Ford's qualified immunity.[4] Instead, Whitley asserts that there exists particularized authority to defeat their qualified immunity.[5] But Whitley also states that whether the authorities he cites "are close enough to these facts to satisfy the clearly-established standard is, in the end, a judgment the Court must make."[6] And the Court finds that all of the authority Whitley cites is inapposite to this case. For one thing, Whitley's authority addresses only First Amendment violations—not Fourteenth Amendment violations. Additionally, Whitley cites no authority clearly establishing that internal complaints about personnel matters are protected in the

---

[2] Doc. 37 at 5.

[3] *See id.*

[4] *See id.* at 8–12.

[5] *See id.*; *Bevill v. Fletcher*, 26 F.4th 270 (5th Cir. 2022); *Keenan v. Tejeda*, 290 F.3d 252 (5th Cir. 2002); *Kinney v. Weaver*, 367 F.3d 337 (5th Cir. 2004) (en banc); *Charles v. Grief*, 522 F.3d 508 (5th Cir. 2008); *Borough of Duryea v. Guarnieri*, 564 U.S. 379 (2011).

[6] Doc. 37 at 11.

way in which Whitley requests. Accordingly, Whitley fails to overcome Soto and Ford's qualified immunity from suit because he did not demonstrate that Soto or Ford's conduct violated a clearly established right, and the Court **OVERRULES** Whitley's first objection to the FCR, **ADOPTS** the FCR as to Soto and Ford's qualified immunity, and **DISMISSES WITH PREJUDICE** Whitley's Fourteenth Amendment due process and First Amendment retaliation claims under 42 U.S.C. § 1983 against Soto and Ford.

Second, Whitley objects to the FCR's recommendation to dismiss with prejudice that his Fourteenth Amendment procedural due process and First Amendment retaliation under 42 U.S.C. § 1983 for failing to evaluate whether there was an underlying constitutional violation.[7] However, as Whitley points out, "[c]ourts may address the clearly-established prong first and need not reach the constitutional question."[8] The Court finds the FCR's reasoning for dismissing Dallas ISD on *Monell* grounds to be sound.[9] So, just because the FCR did not address whether Dallas ISD committed an underlying constitutional violation does not mean that dismissal with prejudice is incorrect, and the Court **OVERRULES** Whitley's second objection, **ADOPTS** this portion of the FCR, and **DISMISSES WITH PREJUDICE** Whitley's Fourteenth Amendment due process and First Amendment retaliation claims under 42 U.S.C. § 1983 against Dallas ISD.

---

[7] *See id.* at 12–18.

[8] *Id.* at 12 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

[9] *See* Doc. 35 at 12–18.

Third, Whitley objects to the FCR's finding that he failed to plausibly plead proper policymaking authority.[10] For the reasons stated in the FCR, the Court finds that Whitley failed to plead an official policymaker.[11] Furthermore, even if the Court granted Whitley leave to amend his complaint as he requests,[12] such an amendment would not change this finding, as Whitley would still fail to plausibly plead that the Board violated his due process or First Amendment rights. Accordingly, this Court **OVERRULES** Whitley's third objection and **ADOPTS** this portion of the FCR.

Fourth, Whitley objects to the FCR's finding that he did not plausibly plead a hostile work environment.[13] Whitley takes issue with his perceived failure of the FCR to cumulatively engage with his perceived examples of a hostile work environment. However, the FCR's finding of no hostile work environment was premised on the absence of an adverse employment action against Whitley.[14] Whitley himself states that whether the weighing of the frequency, severity, humiliation, and interference with work performance "favors Plaintiff or Defendants is a judgment for the Court," and asks the Court to weigh these four factors.[15] Even upon a *de novo* review of Whitley's amended complaint,[16] Whitley's recitation of each of his perceived examples of hostility in the work environment,[17] and weighing such factors as

---

[10] *See* Doc. 37 at 18–23.

[11] *See* Doc. 35 at 15–16.

[12] *See* Doc. 37 at 23.

[13] *See id.* at 23–41.

[14] *See* Doc. 35 at 26–33.

[15] Doc. 37 at 23, 40.

[16] *See* Doc. 13.

[17] *See* Doc. 37.

Whitley requests,[18] the Court finds that Whitley still fails to plausibly plead the required adverse employment action or hostile work environment. Accordingly, the Court **OVERRULES** Whitley's fourth objection, **ADOPTS** this portion of the FCR, and **DISMISSES WITH PREJUDICE** Whitley's Americans with Disabilities Act (ADA), Title VII, and FMLA retaliation claims.

Fifth, Whitley objects to the FCR's constructive discharge analysis on the same basis as his fourth objection.[19] For the same reasons as above and those outlined in the FCR, this objection fails as well. Constructive discharge requires an even more severe showing that establishing a hostile work environment, which Whitley fails to plausibly plead.[20] The Court therefore **OVERRULES** Whitley's fifth objection.

Sixth, Whitley objects to the FCR's lack of analyzing any alleged post-separation retaliation.[21] Whitley is correct that Title VII anti-retaliation protection extends to former employees, but such protection is generally limited to post-separation retaliation that inhibits the former employee from gaining future employment.[22] Whitley has not pled such relevant post-separation retaliation, nor has he requested leave to amend his pleadings to include such facts and say what they would be. So, the Court **OVERRULES** Whitley's sixth objection.

---

[18] *See id.* at 40.

[19] *See id.* at 41–45.

[20] *See* Doc. 35 at 28–29.

[21] *See* Doc. 37 at 45–50.

[22] *See id.* at 46 (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)).

Seventh, Whitley objects to the FCR's purported lack of analysis of his ADA claims.[23] However, the FCR did not need to analyze the remaining elements of his ADA claim because of the absence of an adverse employment action. And because the Court has conducted a *de novo* review and adopted the FCR's analysis dismissing Whitley's ADA claim for missing an essential element, the Court **OVERRULES** Whitley's seventh objection.

Eighth, Whitley objects to the FCR's limitation of the Magistrate Judge's examination to discrete acts within 300 days of his EEOC charge in dismissing his Title VII, ADA, and FMLA retaliation claims.[24] Dallas ISD acknowledges that this was an oversight, but requests that this Court only modify the FCR's reasoning because such an error has no impact on the ultimate dismissal of Whitley's FMLA retaliation claim.[25]

Whitley concedes that the August 2023 removal is time-barred as an independent Title VII claim, but objects to the application to his FMLA retaliation claim.[26] Instead, as Whitley points out, the FMLA has its own limitation provision of "two years from the last event constituting the alleged violation or three years where the violation is willful."[27] Whitley further concedes that the amended complaint, as currently pled, does not properly plead willfulness to bring his claims within the three

---

[23] *See id.* at 50–51.

[24] *See id.* at 51–53.

[25] *See* Doc. 42 at 2.

[26] *See* Doc. 37 at 52.

[27] *Id.* (citing 29 U.S.C. § 2617(c)(1), (c)(2)) (cleaned up).

year limitations period for his FMLA claims, but asks the Court to dismiss this claim without prejudice so he can amend accordingly.[28] The Court modifies the FCR's reference to the two-year statute of limitations in 29 U.S.C. § 2617(c)(1), but because such an amendment would not affect the outcome of the dismissal of Whitley's FMLA retaliation claim (as discussed in the section addressing Whitley's fourth objection), the Court **OVERRULES** Whitley's eight objection.

Ninth and lastly, Whitley objects to the FCR's alleged omission of analysis as to his potential professional advancement.[29] But for the same reasons as discussed in Whitley's eighth objection, any omission of this analysis does not change the FCR's conclusion because such allegations would be time barred and would fail as a matter of law. So, this Court **OVERRULES** Whitley's ninth and final objection.

***

Having conducted a *de novo* review of the objected to portions of the FCR, and finding no error, the Court **ACCEPTS** the FCR and **ADOPTS** it. Because Whitley fails to show that any of his proposed amendments would plausibly plead a claim,[30] his defects cannot be cured and any further amendment is futile,[31] so the Court **DISMISSES WITH PREJUDICE** Whitley's Texas Whistleblower Act claim, Texas Civil Practice and Remedies Code § 12.002 claim, Fourteenth Amendment due process and First Amendment retaliation claims under 42 U.S.C. § 1983, disability

---

[28] *See id.* at 53.

[29] *See id.* at 53–55.

[30] *See id.* at 59–61.

[31] Doc. 35 at 34; *See HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 345 (5th Cir. 2021).

discrimination and retaliation under the ADA claim, interference and retaliation under the FMLA claim, and hostile work environment claims in violation of Title VII and the ADA.

The Court **GRANTS** Defendants Dallas ISD, Soto, and Ford's motions to dismiss (Docs. 19, 23, 26) and **DISMISSES WITH PREJUDICE** this lawsuit. A final judgment shall issue separately.

**IT IS SO ORDERED** this 15th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE